IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

FILED
2019 APR 17 PM 4:05

Jonathan Edward Workman,
Plaintiff

-vs-

City of Chardon, Jeffery Smock in his official capacity as mayor of Chardon, Scott Niehus in his official capacity as Chief of Police,
Defendant(s)

CASE NO. 1:19 CV 862

JUDGE JUDGE POLSTER

MAG. JUDGE PARKER

COMPLAINT

Chardon has been issuing citations charging me with a crime if it catches me playing musical instruments on the street with a sign reading "tips", based on a city ordinance specifically targeting speech that requests a donation of money. Chardon city ordinance §§ 509.12 (2010). The ordinance was expressly crafted to drive a disliked form of speech (panhandling) and speaker (homeless or very poor individuals) from public view.

The First Amendment protects the speech of all people and such content-based discrimination in our public space is offensive to the American tradition of free speech. Chardons ordinance is plainly unconstitutional under a long and ever-growing list of precedent from the Supreme court, the Sixth Circuit, and federal courts from Massachusetts to Hawaii. I have been ticketed twice so far which makes me feel unwelcomed to perform my music and express my free speech rights in the city of Chardon. The City's ordinance inflicts harm on poor people like me and the court should immediatly enter a restraining order on the city from enforcing Chardon ordinance §§ 509.12. I (specifficially perform on a public side walk on chardon square or on the public sidewalk on water st)

Factual background

I Plaintiff Jonathan Edward Workman, am an avid street musician whom performs music in hope of generous donations from passer-by. Alot of times I exhibit artistic signs encouraging donation such as a sign that chardon police sized as evidence that read "tips". I prefer not to ask or approach anybody for donations. I have been cited twice so far March 2019, and April 2019.

I would like to be granted preliminary injunction and monetary damages.

## Legal Argument

Plaintiffs are likely to prevail on their claim that the City of Chardon's Panhandling ordinances violate the First Amendment.

"Consistent with the traditionally open character of public streets and sidewalks, [the Supreme Court] has held that the government's ability to restrict speech in such locations is very limited." McCullen v. Coakley, 134 S. Ct. 2518, 2529 (2014). Both the Supreme Court and the Sixth Circuit have repeatedly that speech that solicits a donation is entitled to the highest level of First Amendment protection. Village of Schaumburg v. Citizens for a Better Environment, 444 U.S. 620, 632 (1980); Planet Aid v. City of St. Johns, MI, 782 F.3d 318, 324 (6th Cir. 2015).

Laws that target speech based on its content are the most offensive to the First Amendment, and must be closely scrutinized under strict scrutiny, "the most demanding test known to constitutional law." Russell v. Lundergan-Grimes, 784 F.3d 1037, 1050 (6th Cir. 2014). As the Supreme Court clarified in 2015, a law is a content-based restriction on speech if either of the following are true: (1) the text of the law makes distinctions based on speech's "subject matter... function or purpose" or (2) the purpose behind the law is driven by an objection to the content of the message. Reed v. Town of Gilbert, Ariz., 135 S. Ct. 2218, 2227 (2015).

The Supreme Court's precise articulation of the law is clearly fatal to Chardon's Anti-Panhandling Ordinance: Under either of Reed's alternative tests, Chardon's ordinance is unconstitutional, content-based restriction on speech. The law discriminates against one type of speech - panhandling - in the ordinances clear text, and the motive behind its enactment, fall well short of meeting the demands of strict scrutiny. Chardon's Anti-Panhandling Ordinance must face the same fate as every single similar anti-panhandling law considered by any federal court in recent years. It is high time that Chardon's unconstitutional Anti-Panhandling Ordinance be stricken as well.

For these reasons the Court should grant any motions requesting a temporary restraining order and preliminary injunction.

April 17, 2019

Respectfully submitted,

*Jonathan Workman*

Jonathan Workman
12211 Aquilla rd Chardon OH 44024
Phone: 440-286-6195
Jwoo224@yahoo.com